SEELY, Plaintiff in error, vs. CITY OF MILWAUKEE, Defendant in error.

*May 11—June 6, 1933.*

126

For the plaintiff in error there was a brief by *Edward F. Higgins* and *McGovern, Curtis & Devos,* all of Milwaukee, and oral argument by *Mr. H. K. Curtis* and *Mr. Higgins.*

For the defendant in error there was a brief by *Max Raskin,* city attorney, and *John E. Megna,* assistant city attorney, and oral argument by *Mr. Megna.*

ROSENBERRY, C. J.  The assignments of error here raise the sufficiency of the complaint and questions as to the proper admission of evidence and other questions stated in the opinion.  It is nowhere claimed that the evidence offered and received upon the trial is not sufficient to sustain the verdict found by the jury.

The first contention of the defendant is that no testimony was offered or received by the court that the defendant had

in any way violated sec. 1226 of "An ordinance to revise and codify the general ordinances of the city of Milwaukee," passed May 25, A. D. 1914, for the reason that sec. 1226 of that ordinance relates to blocking of a street instead of speed of an automobile. The Milwaukee Code was revised by ordinance passed May 25, 1914. It is true that as passed at that time, sec. 1226 related to obstruction of a street. By ordinance 379, adopted November 18, 1929, there were added to the Milwaukee Code of 1914 ninety new sections, and by the same ordinance many sections of the 1914 Code were repealed and other sections renumbered. By ordinance 379, sec. 1226 (new number) related to speed restrictions and unlawful operation of vehicles and contained nine paragraphs or subsections. Sec. 1226 as renumbered was again amended by ordinance 430, passed January 27, 1930. The title of ordinance 430 is, "To amend section 1226 of the Milwaukee Code of 1914, relating to speed restrictions and unlawful operation of vehicles." Ordinance No. 431 created "section 1226.12 of the Milwaukee Code of 1914, relating to speed restrictions on arteries for through traffic." By that subdivision it was provided:

"The maximum permissible speed on the arteries for through traffic enumerated in this section shall be the speed designated and set opposite each particular artery for through traffic as follows:

Per hour.

Prospect Avenue from East Wisconsin Avenue north to Bradford Avenue, east to Lake Drive and north to city limits...................    30"

Ordinance 99, passed July 27, 1931, was an ordinance "To amend section 1249 of the Milwaukee Code of 1914 relating to the operation of motor vehicles."

Sub. (6) of ordinance No. 430 provides:

"*In business districts.* The maximum permissible speed on any street in a business district shall be fifteen miles per hour except as provided in section 1226.12."

Sub. (7) and (8) contained a similar reference to sec. 1226.12, thereby incorporating sec. 1226.12 into ordinance No. 430. The effect of this incorporation was to permit a speed not exceeding thirty miles on the streets enumerated in ordinance No. 431, by an exception to the provisions of sub. (6), (7), and (8) of ordinance No. 430. While the amendment was numbered 1226.12, that did not alter its legal effect. It is quite apparent it was a draftsman's device.

Ch. 85 of the Statutes of 1929 is entitled "Law of the Road." Sec. 85.84 provides:

"No local authority shall have power to enact, pass, enforce or maintain any ordinance, resolution, rule or regulation requiring local registration or other requirements inconsistent with the provisions of this chapter, . . . but the provisions of this section . . . shall not prohibit any local authority from passing any ordinance, resolution, rule or regulation in strict conformity with the provisions of this chapter and imposing the same penalty for a violation of any of its provisions."

For the purpose of making the Milwaukee Code conform to the provisions of ch. 85, ordinance No. 99 was passed July 27, 1931, sub. (3) of which provides:

"Any person violating any of the provisions of section 1226 (6), (7), (8) and (9) shall, upon conviction thereof, be punished by a fine not to exceed twenty-five dollars for each offense, together with the costs of prosecution," etc.

It is contended by the defendant that no penalty is provided for the violation of sec. 1226.12 because no specific reference is made thereto in ordinance No. 99. With this contention we cannot agree. Sub. (6), (7), and (8) contain exceptions, sub. (3) of ordinance No. 99 imposes a penalty for violation of subsections (6), (7), (8), and (9), which applies to violation of the subsections as amended.

The claim of defendant that the reference in the proceeding had in district court relates to sec. 1226 as that section existed at the time of the passage of the ordinance on

May 25, 1914, is without merit. Throughout the council proceeding, the traffic code created by the ordinance adopted May 25, 1914, is referred to by its title. The only defect in the description was that it should have been described as an ordinance to revise and codify the general ordinances of the city of Milwaukee passed May 25, 1914, as amended. Every one knew, including the defendant and her attorneys, that the reference was to sec. 1226 as the same was amended after the revision of the ordinance by ordinance No. 379, adopted November 18, 1929, and as subsequently amended. This objection is highly technical, in view of the fact that every one must have known and it must be presumed that prosecution was under the ordinance as it existed at the time the offense was committed. Before the revision in 1929, sec. 1226 related to parking auto vehicles. No one thought or supposed that prosecution was under old sec. 1226.

(2d) The defendant further contends that the court was in error in not sustaining her demurrer *ore tenus* to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The act creating the district court (ch. 218, Laws 1899, as amended by ch. 70, sec. 2, Laws 1901) provides that in city prosecutions the clerk shall enter upon the records of the court a statement of the offense charged, which shall stand as the complaint unless the court shall direct formal complaint. It is apparent that it was within the contemplation of the legislature that the proceeding in the district court should be informal and summary. It is also apparent that this provision controls over the general provision found in sec. 288.10, Stats. The provision in the act creating the district court being special must be held to govern procedure in that court. Sec. 288.10 provides in part:

"It shall be sufficient to allege in the complaint that the defendant is indebted to the plaintiff in the amount of the forfeiture claimed, specifying the by-law, ordinance or regulation which imposes it."

The defendant contends that under this provision the complaint is insufficient. Without further consideration it is sufficient to say that that provision does not govern the procedure in the district court of Milwaukee county. The offense charged was violation of sec. 1226; more specifically, the offense is described as violation of auto speed ordinance. The defendant appeared, pleaded not guilty to the offense charged and proceeded to trial in the district court, took an appeal, and raised no question as to the sufficiency of the complaint until after the jury was impaneled and sworn in the municipal court. The proceeding against the defendant is a civil action. *Neenah v. Krueger,* 206 Wis. 473, 240 N. W. 402. In the absence of objection by the defendant when she appeared in district court, a statement of the offense constituted a sufficient complaint. She was charged with violation of the speed ordinance, sec. 1226. She was arrested on Prospect avenue, the offense having been committed in the presence of the arresting officer. When she appeared before the district court she knew and understood the nature of the offense with which she was charged. All of the proof in the case was directed to establishing her rate of speed upon Prospect avenue. While no doubt it would have been better practice, upon objection being made in the municipal court, to have filed a formal complaint, it must be held, in view of the statute, that the proceeding is not fatally defective. It clearly appears from the record that the defendant has had a fair trial, that she in fact had knowledge of the offense with which she was charged, that having been arrested on Prospect avenue she knew that the charge could relate to nothing else but a violation of sec. 1226.12 as amended, which limited the speed upon Prospect avenue from East Wisconsin avenue north to Bradford avenue to thirty miles per hour. No other provision of the speed ordinance could possibly be involved. It was no

doubt by reason of the fact that she had full knowledge of the offense with which she was charged that the defendant made no objection. It would be most unfortunate to require formal procedure in cases where persons are charged with a violation of a municipal ordinance if as a matter of fact such persons have full knowledge of the offense for which they are charged and for which they are tried and are in no way prejudiced by the failure to file a formal complaint. If upon objection a formal complaint was filed, as well might have been done, this being a civil and not a criminal action, the defendant would have been apprised of no fact or contention on the part of the state with which she and her counsel were not entirely familiar. There is no element of surprise, and a full, complete, thorough, and lawyerlike defense was presented on behalf of the defendant.

Because this case is ruled by the provisions of the act creating the district court of Milwaukee county, we shall not discuss the cases cited to our attention arising in municipalities where similar provisions did not obtain.

(3d) Complaint is made also because of the admission of the several ordinances of the city of Milwaukee in evidence. We see no merit to this contention inasmuch as the municipal courts are required to take judicial notice of the ordinances of municipalities. Sec. 328.02, Stats.

(4th) It is also contended that there is failure of proof as to venue. We consider this contention to be without merit. The ordinance of the city of Milwaukee describes Prospect avenue and the offense proven was committed on Prospect avenue. This of itself is sufficient proof of venue.

Other questions were raised which we do not deem it necessary to discuss. We find no reversible error.

*By the Court.*—Judgment affirmed.