CITY OF PEWAUKEE, Plaintiff-Appellant-Petitioner,

v.

Thomas L. CARTER, Defendant-Respondent.

Supreme Court

*No. 03–1114. Oral argument September 22, 2004.—Decided November 4, 2004.*

2004 WI 136

(Also reported in 688 N.W.2d 449.)

For the plaintiff-appellant-petitioner there were briefs by *H. Stanley Riffle, Rick D. Trindl, Julie A. Aquavia* and *Arenz, Molter, Macy & Riffle, S.C.,* Waukesha, and oral argument by *Rick D. Trindl.*

For the defendant-respondent there were briefs by *Rex R. Anderegg* and *Anderegg & Mutschler, LLP,* Milwaukee, and oral argument by *Rex Anderegg.*

An amicus curiae brief was filed by *Daniel M. Olson,* Madison, on behalf of the League of Wisconsin Municipalities.

¶ 1. SHIRLEY S. ABRAHAMSON, C.J.  This is a review of the published decision of the court of appeals affirming an order of the circuit court for Waukesha County, Mark Gempeler, Judge.[1] The circuit court denied the City of Pewaukee's request for a new trial and dismissed the case upon the motion of Thomas L. Carter, the defendant. The City requested a new trial

---

[1] *City of Pewaukee v. Carter,* 2003 WI App 260, 268 Wis. 2d 507, 673 N.W.2d 380.

pursuant to Wis. Stat. § 800.14(4) (2001–02),[2] which provides that upon a request from either party to a municipal court action (or on its own motion), the circuit court shall order that a new trial be held in circuit court.[3]

¶ 2.   Relying on Wis. Stat. § 800.14(4) and *Village of Menomonee Falls v. Meyer,*[4] the court of appeals affirmed the order of the circuit court. The court of appeals held that no trial occurred in municipal court under § 800.14(4) because the matter had not been "fully litigated." The matter had not been fully litigated, according to the court of appeals, because only the City had presented witnesses and evidence and the municipal court dismissed the City's case with prejudice after the defendant moved for dismissal at the close of the City's presentation of its evidence, but before the defendant put in his evidence.

¶ 3.   The issue before this court is whether a "trial" occurred in the municipal court for the purpose of triggering the City's right to obtain a new trial in circuit court under Wis. Stat. § 800.14(4). More precisely, the question is: Did the municipal court proceeding constitute a "trial" under § 800.14(4) when the City presented sworn witnesses, those witnesses were cross-examined

---

[2] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

[3] Wisconsin Stat. § 800.14(4) reads: "Upon the request of either party within 20 days after notice of appeal under sub.(1), or on its own motion, the circuit court shall order that a new trial be held in circuit court. The new trial shall be conducted by the court without a jury unless the appellant requests a jury trial in the notice of appeal under sub.(1). The required fee for a jury is prescribed in s. 814.61(4)."

[4] *Village of Menomonee Falls v. Meyer,* 229 Wis. 2d 811, 601 N.W.2d 666 (Ct. App. 1999).

336

by the defendant, and the case was dismissed with prejudice upon the defendant's motion to dismiss at the close of the City's case-in-chief?

¶ 4. We conclude that the municipal court proceeding in the present case constituted a trial under Wis. Stat. § 800.14(4) because the City presented its case, the defendant had an opportunity to present his evidence (even though he chose not to do so), and the matter was judicially resolved on its merits. We therefore conclude that the municipal court proceeding in the instant case triggered the City's statutory right to a new trial under Wis. Stat. § 800.14(4). Accordingly, we reverse the decision of the court of appeals and the order of the circuit court and remand the cause to the circuit court to grant the City's request for a new trial.

I

¶ 5. The facts of this case are not in dispute. At approximately 7:30 a.m. on July 27, 2001, after his involvement in an automobile accident, Thomas L. Carter (the defendant) was cited by the City of Pewaukee for operating a motor vehicle while intoxicated and with a prohibited alcohol concentration. After several delays, the trial was set for June 20, 2002, in municipal court for the Town of Brookfield.[5]

¶ 6. The City presented three witnesses at the municipal court proceeding. The first was an analyst from the State Laboratory of Hygiene who testified regarding the defendant's blood sample and on how blood-alcohol concentration was determined. The second witness was the driver of the car with which the defendant's car collided. Finally, the City presented the

---

[5] The case was moved to the Town of Brookfield on the defendant's request for substitution of a judge.

police officer who was called to photograph the accident scene. The City elicited testimony from all three witnesses, and the defendant cross-examined each one. The City also presented documentary evidence.

¶ 7. After the City's witnesses testified and were subject to cross examination, the City informed the municipal court that it would not move to admit the defendant's blood test because the arresting officer (who had ordered the defendant's blood drawn but was not the officer who had testified) was unavailable to testify. Instead of requesting a continuance or adjournment, the City rested its case, relying on the evidence already presented.

¶ 8. Before presenting any evidence, the defendant moved to dismiss the action on the ground that the City had failed to meet its burden of proof. The municipal court granted the defendant's motion to dismiss the action with prejudice.

¶ 9. Pursuant to Wis. Stat. § 800.14(4), the City requested a new trial in circuit court. The defendant filed a motion in circuit court to dismiss the City's request on the ground that the municipal court proceeding was not a "fully litigated" trial and therefore the City did not have the right to request a "new trial" as provided in § 800.14(4). The circuit court, relying on the *Meyer* case, issued an order granting the defendant's motion. The circuit court reasoned that the matter was not fully litigated because each party was not able to litigate fully its respective position. The court of appeals affirmed the order of the circuit court, concurring with the circuit court's reasoning that a full trial requires that a defendant have the opportunity to present a defense or rest its case. The City now seeks review of the decision of the court of appeals.

## II

¶ 10. This case involves the interpretation of Wis. Stat. § 800.14(4) and the application of the statute to the undisputed facts of the present case. These are issues of law that we determine independently of the circuit court and court of appeals, benefiting from their analyses.[6]

### A

¶ 11. We begin with the statutes governing the parties' rights to move a case from municipal court to circuit court. Either party may move a case from municipal court to circuit court by way of appeal pursuant to Wis. Stat. § 800.14(1)[7] and by way of a new trial (before a judge or jury) pursuant to § 800.14(4). A defendant may also in certain cases plead not guilty, bypass the municipal court, and seek a jury trial in circuit court pursuant to § 800.04(1)(d).

¶ 12. An appeal differs from a new trial. An appeal is determined on the record in the municipal court.[8] No one disputes that in the instant case the City could have appealed the circuit court's order of dismissal under Wis. Stat. § 800.14(5); the circuit court

---

[6] *Garcia v. Mazda Motor of Am., Inc.*, 2004 WI 93, ¶ 7, 273 Wis. 2d 612, 682 N.W.2d 365.

[7] Section 800.14(1) allows an appeal from municipal courts to "be taken by either party to the circuit court of the county where the offense occurred. The appellant shall appeal by giving the municipal judge written notice of the appeal within 20 days after the judgment."

[8] Wis. Stat. § 800.14(5).

would have reviewed the record of the municipal court to determine the validity of the dismissal of the action.

¶ 13.   In a new trial, each party presents its evidence anew. "[A]ny errors committed by the municipal court are completely vitiated. A party may also raise issues in the circuit court that he or she failed to raise in the prior proceeding."[9]

¶ 14.   Wisconsin Stat. § 800.14(4) provides that after notice of appeal is filed under § 800.14(1) and "[u]pon request of either party . . . or on its own motion, the circuit court shall order that a new trial be held in circuit court."

¶ 15.   The very words of Wis. Stat. § 800.14(4) that "a new trial be held in circuit court" presuppose that a trial has taken place in municipal court.[10] This interpretation of § 800.14(4) is uncontroversial and leaves us with the seemingly simple question of determining whether a particular proceeding in municipal court constitutes a trial under § 800.14(4).

B

¶ 16.   Defining the word "trial" would not seem to present a particularly difficult task, and in the abstract, it is not difficult. Black's Law Dictionary defines "trial" as "[a] formal judicial examination of evidence and determination of legal claims in an adversary proceeding."[11]

---

[9] *City of Middleton v. Hennen,* 206 Wis. 2d 347, 355, 557 N.W.2d 818 (Ct. App. 1996).

[10] *Meyer,* 229 Wis. 2d at 817.

[11] Black's Law Dictionary 1510 (7th ed. 1999).

¶ 17. This dictionary definition is consistent with the definition of "trial" found in the 1856 Wisconsin statutes and in later versions of the statutes: "A trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact."[12]

¶ 18. The word "trial" is not currently defined in the Wisconsin statutes. The lack of a definition matters little though, because the definitions of the word "trial" set forth above are not particularly helpful in determining for the purposes of Wis. Stat. § 800.14(4) what events in a particular municipal court proceeding constitute a judicial examination of the issues between the parties, whether they be issues of law or fact. Resolving what events constitute a "trial" under the statutory right to a new trial in Wis. Stat. § 800.14(4) requires a more nuanced determination of the meaning of "trial" than provided by a general definition.

¶ 19. The word "trial" has different meanings in different contexts. Trials take many forms depending on such factors as the nature of the case, the forum and the purpose for which the word "trial" is being determined. Trials are also a continuum of events.

¶ 20. Courts and legislatures have taken different approaches to describing the events needed to constitute a trial. On the one hand, the events constituting a trial may be established by setting forth a bright-line rule for the commencement of a trial and then treating the commencement of a trial sufficient to constitute a trial.

¶ 21. For example, the California civil procedure code declares that a trial shall be deemed to actually

---

[12] 1856 Wis. Laws ch. 120 § 164. *See also* 1917 Wis. Laws § 2842 (same); Wis. Stat. § 270.06 (1967) (same).

commence at the beginning of the opening statement of any party, or if there is no opening statement, then on the administering of the oath or affirmation to the first witness or the introduction of evidence.[13] Similarly, in determining when an accused's double jeopardy protections attach, the rule is that the protections attach once a jury is empanelled (in a jury trial) or once the first witness has been sworn (in a bench trial).[14]

¶ 22. In the context of substitution of a judge, the Wisconsin Supreme Court described the commencement of a trial as follows:

Plaintiffs . . . assert[] that the trial was commenced at the hearing on the temporary injunction because evidence was adduced which could be used in the final determination of the merits. We think not.

In *People v. Rice Associates* a New York court held that "trial" in its commonly accepted meaning is that part of a civil or criminal proceeding beginning with the opening of the case to the jury and ending with the verdict. And in *Molen v. Denning & Clark Livestock Co.* the Idaho court quoted with approval the definition of "trial" as set forth in Corpus Juris. "A trial may be said to have commenced when all of the preliminary ques-

[13] *See* Cal. Civ. Pro. Code § 581(6) (West 2004) ("A trial shall be deemed to actually commence at the beginning of the opening statement or argument of any party or his or her counsel, or if there is no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence."). *See also Gray v. Superior Court*, 52 Cal. App. 4th 165, 171 (1997) (the statutory language is illustrative rather than exclusive of the circumstances under which a trial has begun).

[14] *See Serfass v. U.S.*, 420 U.S. 377, 388 (1975); *State v. Seefeldt*, 2002 WI App 149, ¶ 12, 256 Wis. 2d 410, 647 N.W.2d 894.

342

tions have been determined and the jury, or the court in the absence of a jury, enters on the examination of the facts for the purpose of determining the controversy." And in *Superior Oil Co. v. Superior Court* it was contended that a trial had been commenced with the hearing of a motion for a preliminary injunction. . . . The court held that under the practice in California it is assumed that a trial on the merits follows the hearing and issuance of a preliminary injunction. Thus, we conclude that the "trial" was not actually commenced at the time of the hearing on the preliminary injunction within the meaning of that line of Wisconsin cases holding that a request for substitution comes too late if made after the commencement of the trial of the action.[15]

¶ 23. On the other hand, the Supreme Court of Ohio set forth a number of indicia to assist courts in determining whether a trial had taken place for the purpose of allowing a new trial. The Ohio court started with a definition of the word "trial" similar to the definition in earlier Wisconsin statutes[16] and went on to state the indicia of a trial as follows:

We further hold that the proper test for determination of whether a proceeding is a trial . . . is an inquiry that focuses on the substance of the proceeding rather than on its form. A proceeding is considered a trial . . . when the indicia of trial substantially predominate in the proceeding. In deciding whether a proceeding rises to the level of a trial . . . courts should consider the nature of an individual proceeding.

[15] *Pure Milk Prods. Coop. v. Nat'l Farmers Org.*, 64 Wis. 2d 241, 247–48, 219 N.W.2d 564 (1974) (citations omitted).

[16] "A trial is a judicial examination of the issues, whether of law or of fact, in an action or proceeding." Ohio Rev. Code Ann. § 2311.01 (West 2003–04).

343

> A list of relevant indicia may include (1) whether the proceeding was initiated by the pleadings, (2) whether it took place in court, (3) whether it was held in the presence of a judge or magistrate, (4) whether the parties or their counsel were present, (5) whether evidence was introduced, (6) whether arguments were presented in court by counsel, (7) whether issues of fact were decided by the judge or magistrate, (8) whether the issues decided were central or ancillary to the primary dispute between the parties, (9) whether a judgment was rendered on the evidence.[17]

The Ohio court noted the indicia listed were not exhaustive and that the focus of the inquiry "is whether there is a substantial predominance of indicia of trial . . . ."[18]

¶ 24.    In contrast to the indicia described by the Ohio court, Judge Richard Brown's dissent in the court of appeals in the instant case used a test more along the lines of Justice Potter Stewart's famed "I know it when I see it" test.[19] Judge Brown declared that a trial is what lawyers commonly view as a trial:    "I would bet that there is not a litigator in this state who, following a directed verdict after evidence was taken and one party rested, would walk out of the courtroom believing that he or she was not in trial."[20]

¶ 25.    The court of appeals in the present case relied neither on the definition of the word "trial" nor on these indicia of a trial. Rather, the court of appeals

---

[17] *First Bank of Marietta v. Mascrete, Inc.,* 684 N.E.2d 38, 41 (Ohio 1997).

[18] *Id.*

[19] *Jacobellis v. Ohio,* 378 U.S. 184, 187 (1964) (Stewart, J., concurring).

[20] *City of Pewaukee,* 268 Wis. 2d 507, ¶ 25 (Brown, J., dissenting).

relied on its earlier decision in *Village of Menomonee Falls v. Meyer*, 229 Wis. 2d 811, 601 N.W.2d 666 (Ct. App. 1999), to declare that a trial had not occurred in the municipal court in the instant case. We therefore turn to the *Meyer* case.

### C

¶ 26. We first compare the facts in *Meyer* and in the instant case to determine whether they are analogous. We next explore the reasoning of the *Meyer* case to determine whether we agree with it.

¶ 27. Although the facts of *Meyer* and the instant case may seem similar, the two cases are in fact different.

¶ 28. Paul Meyer, like the defendant in the instant case, was arrested for operating a motor vehicle while intoxicated and with a prohibited alcohol concentration.[21] Prior to any proceeding in municipal court, Meyer requested the police report of his arrest.[22] The Village informed Meyer that no such report existed. The report later turned up. Meyer then moved in limine in municipal court to preclude the introduction of the police report; the municipal court granted the motion.[23] Meyer then moved to dismiss the action on the merits. The Village conceded it would not be able to prosecute Meyer without the police report, and the municipal court granted Meyer's motion to dismiss the action on the merits.[24]

¶ 29. The Village sought a new trial in circuit court pursuant to Wis. Stat. § 800.14(4). In response,

---

[21] *Meyer*, 229 Wis. 2d at 813.

[22] *Id.*

[23] *Id.*

[24] *Id.*

Meyer contended that a circuit court could not grant a new trial because "the merits of the case had not been determined before the municipal court."[25] The circuit court allowed the new trial, and Meyer was ordered to pay the forfeiture.[26] Meyer appealed, and the court of appeals reversed the circuit court's order allowing a new trial.[27]

¶ 30. Unlike in the present case, the motion to dismiss in *Meyer* was made prior to opening statements, prior to the introduction of any evidence, and prior to the swearing of any witnesses. Indeed, the court of appeals in *Meyer* employed the word "trial" four times only in sentences using the future tense. Apparently in *Meyer* the court of appeals was attempting to distinguish pretrial motion practice from the prerequisite trial under Wis. Stat. § 800.14(4).

¶ 31. In the instant case, unlike in *Meyer*, several indicia of a trial are present.

¶ 32. This case does not involve pretrial motion practice in municipal court; the municipal court proceeding went beyond pretrial motions. The motion in the instant case was made after the City presented its evidence and closed its case in chief.

¶ 33. The City presented three witnesses to address the substantive question at issue, namely whether the defendant had operated a motor vehicle while under the influence of intoxicants. The defendant cross-examined the City's witnesses. The defendant's motion after all the City's evidence was presented did not transform the municipal proceeding into a motion hearing or interlocutory matter.

---

[25] *Id.*

[26] *Id.* at 813–14.

[27] *Id.* at 818.

¶ 34. The municipal court examined the facts (in the testimony of the City's witnesses and the documentary evidence) and the law in deciding the legal issue of whether to grant the defendant's motion to dismiss the matter on the merits. The municipal court judicially resolved the merits of the City's case.

¶ 35. In the instant case, the proceeding in the municipal court had several events ordinarily occurring in a trial, and indeed the case was fully litigated as far as the parties were concerned. The party with the burden of proof presented its evidence in full, and the defendant engaged in cross-examination. The defendant chose not to present his evidence. The municipal court then judicially decided the case upon the defendant's motion by resolving a question of law on the basis of the testimony and documentary evidence presented.[28]

¶ 36. For these reasons, although we agree with the court of appeals that in *Meyer* no prior trial occurred in the municipal court, *Meyer* and this case are factually distinguishable, and the court of appeals' reliance on the *Meyer* case to decide the instant case was erroneous.

## D

¶ 37. Viewing the municipal court proceeding in the instant case as a trial is consistent with the definitions of the word "trial" and the various indicia of a trial. The court of appeals did not, however, consider any definition of trial or the distinguishing facts of the

[28] As the court of appeals explained, the municipal court held that the City failed to meet its burden of proof and whether a party meets its burden of proof is a question of law. *Hallin v. Hallin*, 228 Wis. 2d 250, 258, 596 N.W.2d 818 (Ct. App. 1999).

instant case. Instead the court of appeals relied on the reasoning of the *Meyer* case to decide the instant case. We do not find the *Meyer* case persuasive.

¶ 38. In *Meyer,* although the case was resolved at the municipal court, the court of appeals adopted the proposition that "[b]efore a case can be tried 'for an additional time,' it must have been fully litigated at an earlier time."[29] The court of appeals in the present case read *Meyer* as explicitly requiring that "a *full* trial of the parties' issues in the municipal court is a condition precedent to a 'new' trial in the circuit court."[30] The City challenges the court of appeals' insistence that a matter be "fully litigated" or be "fully tried" in municipal court before a new trial can be granted in circuit court. The City correctly points out that the words "fully litigated" or "full trial" appear neither in Wis. Stat. § 800.14(4) nor in any case law prior to *Meyer.*

¶ 39. Differentiating between a case that has been "judicially resolved" on its merits and one that had been "fully litigated" on its merits, the court of appeals opined in the case at bar that even though several elements of a trial had taken place in municipal court, these elements were not enough to constitute a trial in municipal court for purposes of Wis. Stat. § 800.14(4).[31]

¶ 40. The court of appeals concluded that the municipal court proceeding was not "fully litigated on the merits" in municipal court because both parties did not exercise their respective prerogative to present evidence or rest their case.[32] Once the municipality

---

[29] *Meyer,* 229 Wis. 2d at 817 (emphasis added).

[30] *City of Pewaukee,* 268 Wis. 2d 507, ¶ 15 (quoting *Meyer,* 229 Wis. 2d at 816) (emphasis added in *City of Pewaukee*).

[31] *City of Pewaukee,* 268 Wis. 2d 507, ¶ 14.

[32] *Id.,* ¶ 16.

presented evidence, the defendant did not present evidence or rest his case but moved for dismissal. According to the court of appeals, the municipal court's granting the defendant's dismissal motion "effectively truncated his opportunity to present a defense—an opportunity required for the merits of a case to be considered fully litigated."[33]

¶ 41. We disagree with the court of appeals that the defendant did not have the opportunity to present a defense in the municipal court or that his opportunity to present a defense was truncated.

¶ 42. The court of appeals apparently overlooked the defendant's three options in municipal court: (1) move to dismiss the action at the end of the plaintiff's case; (2) rest his case without presenting any testimony or evidence, arguing the merits of the case based on the evidence the plaintiff presented; or (3) present witnesses and evidence. Under any of the three options, the defendant had the opportunity to introduce his evidence, although he was not required to do so.[34]

¶ 43. The defendant chose to move to dismiss at the end of the City's case. The defendant alone made the decision not to introduce evidence, presumably because he concluded that he might succeed on the merits on the basis of the City's evidence. But for the defendant's own successful motion to dismiss, the defendant would have been allowed to present his evidence. Similarly, if the municipal court had denied the defendant's motion to dismiss, the defendant would

---

[33] *Id.*, 268 Wis. 2d 507, ¶ 18.

[34] Wis. Stat. § 800.08(1) ("The municipality *shall* first offer evidence . . . . The defendant *may* offer evidence . . ." (emphasis added)).

have had the opportunity to present his evidence in full. The defendant did not default in the present case.

¶ 44. To allow a defendant to move to dismiss at the close of the City's evidence, and yet to refuse to classify the municipal court proceeding as a trial, leads to a peculiar distinction between a motion to dismiss made before a defendant puts in his evidence and a motion to dismiss made after a defendant presents his evidence. Judge Brown explained this problem in his dissent in the court of appeals as follows: "[A] motion made at the close of the plaintiff's case does not allow for a trial de novo in the circuit court but a motion made at the close of all the evidence, based on the same legal grounds . . . does allow for a trial de novo."[35] We agree with Judge Brown on this point.

¶ 45. Section 800.14(4) also gives the circuit court the right to grant a new trial on its own motion. It is hard to believe that the legislature would allow a defendant to extinguish both an opposing party's ability to obtain a new trial and a circuit court's power to order a new trial merely by tendering his or her motion to dismiss at the end of a plaintiff's case instead of later in the proceeding.[36]

---

[35] *City of Pewaukee,* 268 Wis. 2d 507, ¶ 27 (Brown, J., dissenting).

[36] The City asserts that the municipal court's granting the defendant's motion to dismiss was an adjudication on the merits under Wis. Stat. § 805.17(1). Section 805.17(1) provides, inter alia, that a dismissal on a defendant's motion to dismiss after a plaintiff has completed the presentation of evidence operates as an adjudication upon the merits.

While a forfeiture action in municipal court is a civil action, it does not necessarily follow that the rules of civil practice and procedure in chapters 801–847 of the statutes apply to municipal court proceedings.

■

¶ 46. It is apparent that the court of appeals' use of the words "fully litigated" and "full trial" has led and may lead to confusion. Accordingly we withdraw the language in *Meyer* requiring that a case be "fully litigated," or that there be a "full trial" in municipal court in order for a municipal proceeding to constitute a trial.

¶ 47. For the reasons set forth, we do not agree with the court of appeals that the word "trial" in Wis.

---

The basis for the City's assertion that the rules of civil practice and procedure apply to municipal court proceedings, is *Village of Bayside v. Bruner,* 33 Wis. 2d 533, 535, 148 N.W.2d 5 (1967). However, the origin of this proposition is much older. *See, e.g., City of Appleton v. Sauer,* 271 Wis. 614, 616–17, 74 N.W.2d 167 (1956); *South Milwaukee v. Schantzen,* 258 Wis. 41, 43, 44 N.W.2d 628 (1950); *Milwaukee v. Burns,* 225 Wis. 296, 299, 274 N.W. 273 (1937); *De Vries v. Dye,* 222 Wis. 501, 503, 269 N.W. 270 (1936); *Seely v. Milwaukee,* 212 Wis. 124, 130, 248 N.W. 912 (1933); *Neenah v. Krueger,* 206 Wis. 473, 475–76, 240 N.W.2d 402 (1932) (cited in the annotation to Wis. Stat. § 260.05 (1935) for applying civil practice rules to municipal court cases).

All these cases predate the 1976 revision of the Wisconsin rules of civil practice and procedure. Section 801.01(2) of the revised rules explicitly applies chapters 801–847 (the rules of civil practice and procedure) to civil actions in circuit court. No mention is made of the applicability of chapters 801–847 to municipal court proceedings.

The Wisconsin Municipal Judge Benchbook includes a copy of chapter 800 of the statutes, but not chapter 805. Chapter 6 of the Benchbook, entitled "Conducting a Trial," makes no reference to chapter 805, Wis. Stat. Chapter 6 does state, however, that at the conclusion of the municipality's case the municipal court may dismiss the case either on its own motion or on motion of a defendant.

We need not and do not decide the applicability of chapter 805 to municipal court proceedings.

Stat. § 800.14(4) required both parties in the present case to exercise their prerogative to present evidence or rest their case.

## E

¶ 48. The court of appeals in *Meyer* and in the instant case rely on the legislative history of Wis. Stat. § 800.14(4) to support its interpretation of Wis. Stat. § 800.14(4) that if a municipal court grants a defendant's motion to dismiss at the end of the municipality's case in chief, no trial occurred in the municipal court. We conclude that the legislative history does not support this interpretation proffered by the court of appeals.

¶ 49. The court of appeals concluded in *Meyer* that Wis. Stat. § 800.14(4) is capable of more than one reasonable interpretation and is ambiguous. Thus the court of appeals examined the legislative history of § 800.14(4) in *Meyer* to determine the legislative objective in order to interpret and apply the statute in accordance with its objective.

¶ 50. In 1987, the legislature revamped Chapter 800.[37] Before the 1987 amendments, parties in municipal court had several ways to reach the circuit court.[38] Either party could seek an appeal on the municipal court record[39] or could seek a new trial in circuit court

---

[37] 1987 Act 389.

[38] *See* Wis. Stat. § 800.04(d); Wis. Stat. § 800.14(4) (1985–86).

[39] Wis. Stat. § 800.14 (1985–86); Wis. Stat. § 800.14.

without a jury.[40] These routes to the circuit court from municipal court are still available.[41]

¶ 51. Alternatively, a defendant could plead not guilty in municipal court and request a jury trial in circuit court.[42] The 1987 revision severely restricted a defendant's ability to bypass municipal court and go directly to circuit court. After the 1987 revision, only defendants charged with violating Wis. Stat. § 346.63, which governs driving while under the influence of intoxicants, could plead not guilty in municipal court and go directly to circuit court for a jury trial.[43] The legislature limited the burden on the circuit courts to conduct jury trials at the request of a defendant.

¶ 52. Most notably a new third alternative for reaching the circuit court was provided in the 1987 revision: On appeal from any municipal court proceeding, an appellant could request a new trial in circuit court before a jury.[44] The 1987 revision gave both municipalities and defendants, as the appellant, the right to seek a new trial by jury in the circuit court.

---

[40] Wis. Stat. § 800.14(4) (1985–86) ("Upon the request of either party within 20 days after the notice of appeal under sub. (1), or on its own motion, the circuit court shall order that a trial de novo without a jury be held in circuit court."). *See also* Wis. Stat. § 800.14.

[41] Wis. Stat. § 800.14.

[42] Wis. Stat. § 800.04(1)(d) (1985–86) ("If the defendant pleads not guilty and within 10 days after entry of the plea requests a jury trial . . . the municipal judge shall promptly transmit all the papers and fees in the cause to the clerk of the circuit court . . . .").

[43] Wis. Stat. § 800.04(1)(d).

[44] 1987 Act 389, § 30. *See also* Wis. Stat. § 800.14(4) (1987–88). The circuit court may grant a new trial on its own motion.

¶ 53. The objective of the 1987 revision is revealed in the drafting record of the 1987 bill to amend chapter 800. The drafting request stated that the problem to be ameliorated was the excessive requests for jury trials in cases involving forfeitures and ordinance violations.[45] Because at the time of the proposed revision a defendant had the right to a jury trial in circuit court only if no municipal court trial was held, the legislature's objective in the revision was to limit a defendant's ability to get a jury trial in circuit court without a trial in municipal court.

¶ 54. The solution proposed by the drafting request was "to require that all alleged violators go to municipal court first, exhaust their options there, and if they lose, they may exercise the right to 1. a new trial, 2. a jury trial, or 3. to request review by a judge."[46]

¶ 55. Other documents included in the drafting record further reveal the objective of the revamped Wis. Stat. § 800.14(4).[47] A handwritten note reads, "Make sure it's not possible to default in [municipal court and] then file for a jury trial." The note continued, "Must *try issues* in [municipal court]" (emphasis added). The Drafting Request further states: "Aim at practice of person bypassing [the municipal court] by always requesting JT [jury trial in circuit court]."

_____

[45] *Meyer,* 229 Wis. 2d at 815. *See also Village of Oregon v. Waldofsky,* 177 Wis. 2d 412, 419, 501 N.W.2d 912 (Ct. App. 1993).

[46] Bill Draft Request Form completed by Cheryl Wittke on behalf of Senator Lynn Adelman on December 4, 1986.

[47] These documents are found in the drafting record for 1987 Act 389, available at the Wisconsin Legislative Reference Bureau, Madison, Wisconsin.

¶ 56.  Additionally, the fiscal estimate prepared by the Director of State Courts opines that "[this] bill also eliminates the right to request a jury trial when the action is commenced in municipal court [by pleading not guilty]. The *trial must be conducted* in municipal court after which an appeal may be taken to circuit court and a jury trial requested" (emphasis added).

¶ 57.  These documents together express a legislative concern that allowing defendants to get a jury trial in circuit court without a prior trial in municipal court unnecessarily increases the number of circuit court jury trials.[48]

¶ 58.  The court of appeals acknowledged this concern and declared in *Village of Oregon v. Waldofsky*, 177 Wis. 2d 412, 419, 501 N.W.2d 912 (Ct. App. 1993), that the objective of the 1987 revision was to "encourage municipal ordinance defendants to have their cases heard in municipal court and thus cut down on what were believed to be 'excessive requests' for circuit court jury trials in civil forfeiture and ordinance violation cases."[49]

¶ 59.  Although the 1987 revision limited a defendant's ability to get a jury trial without a prior trial in municipal court, it granted both a defendant and a municipality the ability to get a new jury trial in circuit court after a trial in municipal court. Therefore, in interpreting Wis. Stat. § 800.14(4), the court of appeals transformed the stated legislative objective to limit a defendant's right to jury trials in circuit court to

---

[48] The Legislative Reference Bureau's prefatory notes ("Analysis") to the 1987 bill describe the current law and the proposed changes but add no additional insight to what has already been discussed.

[49] *Village of Oregon v. Waldofsky*, 177 Wis. 2d 412, 419, 501 N.W.2d 912 (Ct. App. 1993).

a legislative objective to limit all new trials in circuit court at the request of either municipalities or defendants. This transformation of the legislative objective in the legislative history to limit both municipalities and defendants rests on the language of § 800.14(4). On its face § 800.14(4) treats municipalities and defendants the same for purposes of requiring a trial in the municipal court before either party may get a new trial in circuit court.

¶ 60. Thus in *Meyer,* the court of appeals concluded that the legislature sought to reduce the number of new trial requests to the circuit court from municipal ordinance violations,[50] and in the instant case the court of appeals concluded "that without a trial on the merits in the municipal court, a party could not request a new trial in the circuit court."[51]

¶ 61. Although the legislative history demonstrates that the legislature was concerned that a defendant not default in municipal court before seeking a new trial in circuit court, we do not find legislative history supporting the court of appeals' conclusion that allowing a new trial in circuit court when a municipality fails to meet its burden of proof in municipal court defeats the legislative objective of limiting new trials in circuit court. There is no evidence in the legislative history that a circuit court is to review the record of the municipal court trial to determine whether either the municipality or defendant acted in good faith in presenting their respective cases in municipal court. Nor do we find any legislative history supporting the court of appeals' conclusion that it is unfair to force defen-

---

[50] *Meyer,* 229 Wis. 2d at 816.

[51] *City of Pewaukee,* 268 Wis. 2d 507, ¶ 13 (citing *Meyer,* 229 Wis. 2d at 815).

dants to undergo a new trial when they have received a judicial determination in municipal court and believed their case to be completed.[52] Nothing in § 800.14(4) or the legislative history supports the court of appeals' conclusion that it is an absurd result if municipalities are permitted "to correct errors fatal to their municipal court case by requesting a new trial before the circuit court."[53]

¶ 62.  We do not agree with the court of appeals that the legislative history supports the conclusion that if a court grants a defendant's motion to dismiss at the end of the municipality's case in chief, no trial occurred in the municipal court. We therefore do not adopt the court of appeals' interpretation and application of Wis. Stat. § 800.14(4) to the facts of the instant case.

* * * *

---

[52] *Meyer*, 229 Wis. 2d at 816.

[53] *Id.*

The defendant presents a similar public policy argument favoring the decision of the court of appeals. The defendant argues that if a municipality's failure to meet its burden of proof in the municipal court prohibits a municipality from seeking a new trial, the public policy of requiring diligent preparation by the municipality is promoted. If the City is not obliged to meet its burden of proof in the municipal court before the municipality proceeds to circuit court, even the most unmeritorious cases will not be filtered out by the municipal court, asserts the defendant.

The City answers this public policy argument by asserting that it was prepared even though it failed to present the testimony of the officer who ordered the blood draw and that the public policy asserted by the defendant does not come into play in the present case or in most cases because a municipality cannot afford to waste its resources in this manner.

357

¶ 63.   We conclude that the municipal court proceeding in the present case constituted a trial under Wis. Stat. § 800.14(4) because the City presented its case, the defendant had an opportunity to present his evidence (even though he chose not to do so), and the matter was judicially resolved on its merits. We therefore conclude that the municipal court proceeding in the instant case triggered the City's statutory right to a new trial under Wis. Stat. § 800.14(4). Accordingly, we reverse the decision of the court of appeals and the order of the circuit court, and remand the cause to the circuit court to grant the City's request for a new trial.

*By the Court.*—The decision of the court of appeals is reversed, and the case is remanded to the circuit court for a new trial.