CITY OF MILWAUKEE, PLAINTIFF-RESPONDENT,
v.
BRIAN E. DAVIS, DEFENDANT-APPELLANT.
No. 2006AP1341.
Court of Appeals of Wisconsin, District I.
October 10, 2006.
FINE, J.
¶1 Brian E. Davis appeals, pro se, an order of the circuit court dismissing his appeal from the dismissal without prejudice by the Municipal Court for the City of Milwaukee of the City's forfeiture action against him. The circuit court dismissed Davis's appeal because in its view it did not have jurisdiction over Davis's appeal.[2] We affirm.
¶2 The City's municipal-court action against Davis sought sanctions based on Davis's alleged failure to comply with an order issued by the City's Department of Neighborhood Services, directing him and others to correct alleged violations of the City's Code of Ordinances in connection with property in the City of Milwaukee. Davis answered the City's complaint, denied "any and all allegations" in that complaint, asserted various affirmative defenses, and counterclaimed seeking compensatory and punitive damages, alleging various purported due-process and civil-rights violations. Following the Municipal Court's dismissal of the City's action, Davis filed a notice of appeal to the circuit court, checking the form's box that indicated he was seeking a "new trial, with a six person jury" in the circuit court. (Bolding omitted.)
¶3 A circuit court has appellate jurisdiction over municipal-court determinations that are made after a "trial," see WIS. STAT. § 800.14(4), or of a dismissal short of a "trial," see § 800.14(5). City of Pewaukee v. Carter, 2004 WI 136, ¶¶11-12, 276 Wis. 2d 333, 339-340, 688 N.W.2d 449, 452-453. Assuming, without deciding, that Davis's request for a "new trial" encompassed his desire to have the circuit court review the Municipal Court's dismissal of the case and his counterclaims, and viewing the circuit court's written order of dismissal of Davis's appeal as its concurrent affirmance of the Municipal Court, we affirm because, as the circuit court recognized, municipal courts in Wisconsin do not have jurisdiction to decide the due-process, civil-rights issues Davis sought to litigate in the Municipal Court via his counterclaims.
¶4 Municipal courts are creatures of article VII, section 14 of the Wisconsin Constitution, which provides:
The legislature by law may authorize each city, village and town to establish a municipal court. All municipal courts shall have uniform jurisdiction limited to actions and proceedings arising under ordinances of the municipality in which established. Judges of municipal courts may receive such compensation as provided by the municipality in which established, but may not receive fees of office.
(Emphasis added.) Thus, municipal-court jurisdiction is limited to the resolution of alleged violation of municipal ordinances, see WIS. STAT. ch. 800, including ancillary issues pertinent to the municipal courts' exercise of that jurisdiction, see City of Milwaukee v. Wroten, 160 Wis. 2d 207, 222, 466 N.W.2d 861, 866 (1991) ("We conclude that, once a court, including a municipal court, appropriately invokes its jurisdiction, it has the power to exercise all of its constitutional powers within the framework of that conferred jurisdiction.").
¶5 As the circuit court told Davis at the hearing on Davis's attempt to litigate his due-process and civil-rights issues via his appeal from the Municipal Court, Davis is not without a remedy for the City's alleged wrongs: "Certainly if the defendant [Davis] was wronged, he does have civil remedies and he certainly can bring an action suing the City either in Federal or State Court, but it can't be done in Municipal Court." We agree.
By the Court.Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.
NOTES
[2] The circuit court's written order did not, in haec verba, "affirm" the Municipal Court, but, rather dismissed the case. The circuit court's oral ruling, however, indicated that "[t]he order of the Municipal Court is affirmed."