IN RE the MARRIAGE OF:

Dale Earl NEHLS,
Petitioner-Appellant,

v.

Constance Monica NEHLS,
Respondent-Respondent.

Court of Appeals

*No. 2011AP2330. Submitted on briefs April 12, 2012.*
*—Decided June 13, 2012.*

2012 WI App 85

(Also reported in 819 N.W.2d 335.)

■■■■■■■

■■■■■■■

■■■■■■■

■■■■■■■

On behalf of the petitioner-appellant, the cause was submitted on the brief of *Jennifer F. Thompson* of *Basiliere, Thompson, Bissett & Castonia LLP*, Oshkosh.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Michael J. Kuborn* of *Curtis Law Office*, Oshkosh.

Before Brown, C.J., Neubauer, P.J., and Gundrum, J.

¶ 1. NEUBAUER, P.J.   Dale Earl Nehls appeals a circuit court order denying his request for a de novo hearing following entry of a family court commissioner (FCC) order implementing the custody and physical placement recommendation of the guardian ad litem (GAL). Dale declined to object to the entry of the FCC order, intending to bypass the evidentiary hearing before the FCC and proceed directly to a de novo hearing before the circuit court. We conclude that Dale's consent to the entry of the order without a hearing before the FCC waived his right to a de novo hearing before the circuit court. We affirm.

## BACKGROUND

¶ 2.   The underlying facts are undisputed. Dale and his former spouse, Constance Monica Nehls, were divorced on March 15, 2007. The parties' agreement as to the joint custody and physical placement schedule for their three minor children was incorporated into the judgment of divorce. On June 10, 2009, Dale filed a motion to modify physical placement and child support. The matter was heard by the FCC and a written order was issued on July 16, 2009, denying Dale's motion in

its totality based on a finding of no substantial change of circumstances. Dale filed another motion before the FCC on October 1, 2010, again requesting a modification of placement and the appointment of a GAL. The parties appeared before the FCC on December 7, 2010, following which the FCC modified child support and ordered the appointment of a GAL to make a recommendation as to Dale's request for equal placement and a change in the holiday and vacation schedule.[1] The GAL did so, based on factual findings derived from information from numerous sources, including Dale and Constance, and the children's teachers.

¶ 3. On April 25, 2011, the FCC notified the parties of its intent to enter an order implementing the GAL's recommendation. The notice states: "[A]n Order implementing the recommended plan for custody and periods of physical placement will be entered as a FINAL Order of the Court 15 business days from the date of this Notice unless a written objection as stated below is timely received **and unless deposits toward [GAL] fees are current**." Neither party filed a written objection. Noting this fact, the FCC filed a written order on June 6, 2011, approving the GAL's recommendation, and entering it as the final order in the matter. On June 13, 2011, Dale filed a request for de novo review before the circuit court.

---

[1] The FCC order appointing the GAL, dated December 8, 2010, indicated its finding that there had not been a substantial change in circumstances. However, it also indicated that appointment of a GAL was necessary because the parties were unable to facilitate a shared placement schedule. The GAL was ordered to consider the current placement schedule, the parties' proposed parenting plans, and to provide a written recommendation as to physical placement.

¶ 4. Among other objections, Constance argued that Dale's motion was barred by Fond du Lac County Circuit Court Rule No. 3.8(1) which indicates that any FCC order entered either by stipulation or default is not subject to de novo review. Dale indicated that he did not default or stipulate to the order, but rather, "It was [his] express intent . . . to De Novo the Order issued by the Family Court to have this matter heard before the assigned Judge, the Honorable Peter Grimm."

¶ 5. On September 29, 2011, the circuit court issued an order denying Dale's request for a de novo hearing. The circuit court found, *inter alia,* that Dale waived his right to a de novo hearing because he consented to the entry of the FCC order without a hearing. The court relied upon Fond du Lac County Circuit Court Rule No. 3.8(1) which provides that "any party who was present at a hearing held by the [FCC] has the right to have the assigned Circuit Court Judge hold a new hearing," and that "[f]indings and orders entered by the [FCC] by stipulation or entered by default are not subject to de novo review." In reaching its decision, the court reasoned:

> [Dale's] intent was to have a hearing before Judge Grimm on the merits of [his] motion brought before the FCC, and consequently did not file any objections before the FCC, having the plan to seek a hearing De Novo. This attempt to bypass the FCC is contrary to the procedures established by the judges as set forth in the Court Rules, as the Commissioner is to hear the merits of post judgment matters first, and then the circuit judge by de novo.

Although the circuit court denied Dale's request for a de novo hearing, it indicated it would permit a request for

review on the limited scope of whether the court should enter an order comparable to the June 6, 2011 FCC order. Dale appeals.

## DISCUSSION

¶ 6. Dale argues that WIS. STAT. § 757.69(8) (2009–10)[2] affords him the option of a de novo hearing despite a Fond du Lac county local court rule barring the de novo review of FCC orders entered by stipulation or default.[3] Dale contends that Fond du Lac County Circuit Court Rule No. 3.8(1) is inconsistent with § 757.69(8) and, therefore, void. Dale misdirects his argument. Local Rule No. 3.8(1) requires a hearing before the FCC before a "new hearing" is available before the circuit court. Dale waived his right to a hearing before the FCC and it is for this reason that he is not entitled to a de novo hearing before the circuit court.

¶ 7. The interplay between state statutes and local rules was addressed in *Hefty v. Strickhouser*, 2008 WI 96, 312 Wis. 2d 530, 752 N.W.2d 820. There, the court observed:

> A circuit court has the authority to "adopt and amend rules governing practice in that court that are consistent with rules adopted under [WIS. STAT. §] 751.12 and statutes relating to pleading, practice, and

---

[2] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

[3] Dale also contends that the circuit court erred in its determination that his request was untimely. Because we conclude that Dale waived his right to a de novo hearing, we do not address the timeliness of Dale's motion. *See Walgreen Co. v. City of Madison*, 2008 WI 80, ¶ 2, 311 Wis. 2d 158, 752 N.W.2d 687.

procedure." WIS. STAT. § 753.35(1). The clear implication of this statute is that local rules *may not be inconsistent with state rules or statutes.* They may supplement state statutes and rules, but they may not supersede state statutes and rules.

*Hefty,* 312 Wis. 2d 530, ¶ 59. This case involves the interpretation and application of statutes and local circuit court rules, which are questions of law we review de novo. *Id.,* ¶ 27. Statutory interpretation begins with the language of the statute. *Id.,* ¶ 42.

¶ 8.   WISCONSIN STAT. § 757.69 governs the "powers and duties of circuit court commissioners" generally, and addresses the role of court commissioners in various areas including, criminal matters, municipal traffic cases, small claims actions, juvenile proceedings, and actions affecting the family. Section 757.69(8) governs circuit court review of court commissioner decisions. It provides:

> Any decision of a circuit court commissioner shall be reviewed by the judge of the branch of court to which the case has been assigned, upon motion of any party. Any determination, order, or ruling by a circuit court commissioner may be certified to the branch of court to which the case has been assigned, upon a motion of any party for a hearing de novo.

*Id.* Fond du Lac County Circuit Court Rule No. 3 governs family court hearing procedures. Rule No. 3.8(1) provides:

3.8 *DE NOVO* HEARINGS.

1. Pursuant to WIS. STAT. § 757.69(8), any party who was present at a hearing held by the Family Court Commissioner has the right to have the assigned Circuit Court Judge hold a new hearing upon the filing of a motion within 15 days of the oral decision of

504

the Family Court Commissioner, or within 15 days of mailing of a written decision by the Family Court Commissioner if the order was not orally given by the Family Court Commissioner at the time of the hearing. Findings and orders entered by the Family Court Commissioner by stipulation or entered by default are not subject to de novo review. Fifteen (15) days shall be counted consecutively and include weekends and holidays pursuant to WIS. STAT. 801.15(1).

Thus, Rule No. 3.8(1) recognizes that any party *who was present at a hearing* before the FCC has a right to a "new hearing" before the assigned circuit court judge to review of decisions in contested matters; however, there is no right to a hearing when the FCC order was entered by stipulation or default. In other words, the rule does not recognize the right to a new hearing before the circuit court if there was never a hearing before the FCC, for whatever reason.

¶ 9.   In arguing that Rule No. 3.8(1) is inconsistent with WIS. STAT. § 757.69(8), Dale emphasizes the first sentence of § 757.69(8) which provides that "[a]ny decision of a circuit court commissioner *shall* be reviewed" by the circuit court. (Emphasis added.) However, requests for *de novo hearings* are addressed in the next sentence:  "Any determination, order, or ruling by a circuit court commissioner may be certified to the branch of court to which the case has been assigned, upon a motion of any party for a hearing *de novo.*" *Id.* (emphasis added). Based on this provision, we reject Dale's contention that Rule No. 3.8(1) and § 757.69(8) are at odds. In doing so, we are guided by the supreme court's decision in *City of Pewaukee v. Carter*, 2004 WI 136, 276 Wis. 2d 333, 688 N.W.2d 449.

¶ 10.   In *Carter*, the court construed the language in WIS. STAT. § 800.14 (2001–02), governing appeals

in municipal court proceedings.[4] Section 800.14(4) (2001–02) provided: "Upon the request of either party . . . or on its own motion, the circuit court shall order that a new trial be held in circuit court." The supreme court held that the words "a new trial be held in circuit court" presuppose that a trial has taken place in municipal court. *Carter*, 276 Wis. 2d 333, ¶ 15. That the legislature's use of the words "new trial" presupposed an initial trial had taken place was "uncontroversial." *Id.*

¶ 11. Similarly, the provision in WIS. STAT. § 757.69(8) for a "hearing de novo" presupposes that the FCC has conducted a hearing. *See Stuligross v. Stuligross*, 2009 WI App 25, ¶ 12, 316 Wis. 2d 344, 763 N.W.2d 241 (WI App 2008) ("[A] de novo hearing is 'a new hearing of a matter, conducted as if the original hearing had not taken place.' BLACK'S LAW DICTIONARY 738 (8th ed. 2004)"). This is echoed in Rule No. 3.8(1) by reference to a "new" hearing before the circuit court. The use of the words "de novo" in § 757.69(8) and "new" in Rule No. 3.8(1) reflect a consistent intent that an initial hearing before the FCC take place prior to the circuit court conducting a de novo hearing. Thus, the local rule precluding a new hearing upon stipulation or default does nothing more than expressly advise as to the practical consequences.

---

[4] We note that WIS. STAT. § 800.14 (2001–02) has since been revised to expressly distinguish between appeals from municipal court decisions rendered after a trial has been held and decisions rendered without a trial. *See* § 800.14(4), (5). Consistent with the supreme court's holding in *City of Pewaukee v. Carter*, 2004 WI 136, 276 Wis. 2d 333, 688 N.W.2d 449, only those appeals from municipal court decisions reached after a trial has been held are entitled to a new trial before the circuit court. Further, "[n]o appeals may be taken from default judgments." Sec. 800.14(1).

¶ 12.   As the circuit court observed, an attempt to bypass a hearing before the FCC would be contrary to the established procedures in Fond du Lac county implementing the applicable state statutes—namely, that the FCC first conduct hearings in postjudgment family matters. WISCONSIN STAT. § 757.69(1)(p)2. provides that the FCC may conduct hearings and enter judgments in actions for revision of judgment for physical placement, as guided by the provisions of WIS. STAT. ch. 767.[5] While § 757.69(8) affords the opportunity to move for a hearing de novo before the circuit court, this statutory structure presupposes that the FCC has conducted a hearing. And, Rule No. 3.8(1), which provides that "any party who was present at a hearing held by the [FCC] has the right to have the assigned Circuit Court Judge hold a new hearing," is in lockstep with that statutory structure.

¶ 13.   Simply put, the local rule is both consistent with WIS. STAT. § 757.69(8) and the legislative intent that the FCC would conduct initial hearings. The legislature identified certain areas in which a court commissioner could be used to increase efficiency while still affording the safeguard of circuit court review of all decisions, upon motion, and a de novo hearing in contested matters. WIS. STAT. §§ 757.68(1), 757.69(1).[6]

---

[5] WISCONSIN STAT. § 767.001(1b) provides that "[c]ourt" as used in WIS. STAT. ch. 767 Actions Affecting the Family, "includes the circuit court commissioner when the circuit court commissioner has been authorized by law to exercise the authority of the court or has been delegated that authority as authorized by law."

[6] This interpretation of WIS. STAT. § 757.69(8) and Rule No. 3.8(1) is consistent with the appeal or review procedures set forth in other areas. *See, e.g.,* WIS. STAT. § 755.19(3) ("[a] motion for a new hearing or appeal of a contested ruling by a municipal court commissioner . . . shall be heard by the supervising mu-

¶ 14.  Here, it is undisputed that no hearing took place before the FCC; in fact, Dale expressly intended to circumvent such a hearing with the expectation that he would proceed directly to a hearing before the circuit court. However, Dale's waiver of his right to a hearing before the FCC rendered unavailable a de novo hearing before the circuit court. *Cf. County of Racine v. Smith*, 122 Wis. 2d 431, 437, 362 N.W.2d 439 (1984) ("It is accepted that one may waive the right to appeal in civil cases where he [or she] has caused or induced a judgment to be entered or has consented or stipulated to the entry of a judgment."); *Agnew v. Baldwin*, 136 Wis. 263, 267, 116 N.W. 641 (1908) ("He cannot be heard to complain of an act to which he deliberately consents."); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1993) at 2570 ("waiver" is "the act of waiving or intentionally relinquishing or abandoning a known right, claim, or privilege").

## CONCLUSION

¶ 15.  Dale acknowledges that he failed to object to, contest or otherwise respond to the FCC notice that the GAL recommendation would be entered if no objections were received within fifteen days. By consenting to entry of the order without a hearing before the FCC, Dale waived his right to a de novo hearing before the circuit court. We affirm the circuit court order denying Dale's request for a de novo hearing.

*By the Court.*—Order affirmed.

---

nicipal judge"); WIS. STAT. § 799.29(1)(a) (providing that in small claims actions "[t]here shall be no appeal from default judgments").