# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP1983-CR |

| | |
|---|---|
| COMPLETE TITLE: | State of Wisconsin, |
| |    Plaintiff-Respondent, |
| |   v. |
| | Jacob Richard Beyer, |
| |    Defendant-Appellant. |

ON CERTIFICATION FROM THE COURT OF APPEALS

| | |
|---|---|
| OPINION FILED: | June 15, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | March 15, 2021 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|  COURT: | Circuit |
|  COUNTY: | Dane |
|  JUDGE: | William E. Hanrahan |

JUSTICES:

ROGGENSACK, J., delivered the majority opinion of the Court, in which ZIEGLER, C.J., ANN WALSH BRADLEY, REBECCA GRASSL BRADLEY, DALLET, and KAROFSKY, JJ., joined, and in which HAGEDORN, J., joined with respect to Part I and Parts II.A., C., and D.

NOT PARTICIPATING:

ATTORNEYS:

  For the defendant-appellant, there were briefs filed by *Mark A. Eisenberg, Jack S. Linberg,* and *Eisenberg Law Offices, S.C.*, Madison. There was an oral argument by *Jack S. Linberg*.

  For the plaintiff-respondent, there was a brief filed by *Kara Lynn Janson*, assistant attorney general; with whom on the brief was *Joshua L. Kaul*, attorney general. There was an oral argument by *Kara Lynn Janson*.

  An amicus curiae brief was filed on behalf of Wisconsin Association of Criminal Defense Lawyers by *Ellen Henak* and *Ellen Henak Law Office, S.C.*, Milwaukee.

**2021 WI 59**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2019AP1983-CR
(L.C. No. 2017CF2831)

STATE OF WISCONSIN        :        IN SUPREME COURT

**State of Wisconsin,**

    **Plaintiff-Respondent,**

    **v.**

**Jacob Richard Beyer,**

    **Defendant-Appellant.**

**FILED**

**JUN 15, 2021**

Sheila T. Reiff
Clerk of Supreme Court

ROGGENSACK, J., delivered the majority opinion of the Court, in which ZIEGLER, C.J., ANN WALSH BRADLEY, REBECCA GRASSL BRADLEY, DALLET, and KAROFSKY, JJ., joined, and in which HAGEDORN, J., joined with respect to Part I and Parts II.A., C., and D.

APPEAL from a judgment and order of the Circuit Court for Dane County. *Reversed and cause remanded.*

¶1 PATIENCE DRAKE ROGGENSACK, J. This case is before us on certification from the court of appeals[1] pursuant to Wis. Stat. § (Rule) 809.61 (2019-20).[2] The certified issue is: "whether the

---

[1] *State v. Beyer*, No. 2019AP1983-CR, certification (Wis. Ct. App. Sep. 24, 2020).

[2] All subsequent references to the Wisconsin Statutes are to the 2019-20 version unless otherwise indicated.

guilty-plea-waiver rule applies when a defendant pleads not guilty to an offense, but stipulates to the inculpatory facts supporting each element of the offense, and explicitly agrees to a finding of guilt at a hearing before the circuit court at which no witness testifies."

¶2 We conclude that the occurrence in the circuit court, while not a guilty plea made in the customary mode, also was not a court trial. We further conclude that, while parties may stipulate to facts for purposes of a criminal trial, trials based on stipulated facts and a stipulated finding of guilt are not permissible in Wisconsin. Finally, we conclude that Beyer cannot be held to the stipulation he entered in circuit court because he entered it relying on a procedure that we conclude is invalid. Therefore, this matter is remanded to the circuit court so that Beyer can choose whether to enter a plea or proceed to trial. Accordingly, we reverse and remand to the circuit court for proceedings consistent with this opinion.

## I. BACKGROUND

¶3 The City of Madison Police Department executed a search warrant on Jacob Beyer's apartment on October 28, 2017. The basis for the warrant was the result of a Department of Justice (DOJ) investigation "'on peer to peer file sharing networks' looking for child pornography." Through its investigation, DOJ "discovered a file containing [child pornography]," and the suspect IP address led to an apartment in Madison occupied by Beyer. After Madison police executed the search warrant, Beyer admitted to possessing

child pornography, and a search of his computer revealed at least ten images of child pornography.

¶4    The State charged Beyer with ten counts of possession of child pornography contrary to Wis. Stat. § 948.12(1m).  At Beyer's initial appearance, he entered a plea of not guilty.  Subsequently, "Beyer hired a forensic computer examiner to confirm that the video that served as the basis for the search warrant existed on his computer."  Beyer's forensic examiner did not find the video on Beyer's hard drive.  Beyer, challenging the State's basis for probable cause for the search warrant, filed a "Notice of Motion and Motion to View the State's Computer and its Undercover Software."  The circuit court[3] denied Beyer's discovery motion concluding that a "suppression motion hearing . . . would be the proper forum" to address Beyer's evidentiary claims.

¶5    Beyer filed a motion to suppress arguing that the search warrant was invalid because "(1) the search warrant lacked probable cause in and of itself; (2) the agents relying on the search warrant knew that the search warrant lacked probable cause; (3) the agents omitted and provided misleading information concerning its undercover investigative software."  After a hearing, the circuit court denied Beyer's motion to suppress.  The circuit court found that "[the DOJ agent] truthfully asserted that he's relied upon this type of evidentiary trail in the past and found it to be accurate and reliable."  Despite the circuit court's desire for more individually tailored warrants and "a more candid

---

[3] The Honorable William E. Hanrahan presided.

assessment of the reliability of this method of a search," the court found no police misconduct.

¶6 After the circuit court denied Beyer's motion to suppress, Beyer indicated that he did not intend to go to trial.[4] Rather, the State and Beyer agreed to a truncated procedure wherein the parties "stipulate[d] and agree[d] that the [c]ourt may make a finding of guilt based upon the following set of facts." The stipulation listed nine facts, which satisfied the elements of possession of child pornography. Stipulation 10 stated "Jacob Beyer waives his right to a jury trial and agrees to have the [c]ourt find him guilty based upon the above stipulated set of facts."[5]

¶7 The circuit court, noting the rarity of the procedure at hand, asked Beyer's defense counsel if there were any "legal or strategic advantage[s] . . . for proceeding in this fashion as opposed to appeal." Beyer's defense counsel reasoned that "when someone pleads guilty to a charge, you preserve the right for your suppression motion, but if you recall, there was a also a discovery motion in this case, and I'm convinced that if . . . Mr. Beyer pleads guilty, he waives that right to the discovery issue."

¶8 The circuit court confirmed with Beyer that Beyer intended to move forward with the proposed procedure. In doing

---

[4] Beyer also filed a motion for reconsideration, which the circuit court denied.

[5] As part of the stipulated trial agreement, the prosecutor agreed to move to dismiss nine of the ten charges of possession of child pornography and read them in at sentencing.

so, the court explained to Beyer that by agreeing to the procedure he was waiving certain rights including his right to a trial by jury, his right to be present during witness testimony, and his right to present a defense.  Beyer acknowledged that he understood his rights and confirmed that he intended to waive them.  The circuit court ensured that Beyer was not threatened or coerced into making this decision and asked Beyer's counsel if he thought Beyer's assent was knowing, intelligent and voluntary.  Beyer's counsel confirmed that he believed that it was.  Beyer's defense counsel agreed that the stipulated facts proved, beyond a reasonable doubt, each element of the charged offense.  Therefore, the circuit court convicted Beyer and sentenced him to three years' initial confinement and two years' extended supervision.  Beyer's sentence was stayed pending appeal.

¶9  Beyer appealed, and the court of appeals certified the above issue to us.  The issues raised at the court of appeals that caused it to certify the appeal to us were the following: "(1) whether the procedure used at what the State refers to as the 'so-called trial' is the functional equivalent of a guilty plea; (2) whether that procedure triggers application of the guilty-plea-waiver rule to bar Beyer from raising on appeal a challenge to the circuit court's denial of his discovery motion; and (3) whether the procedure is recognized under Wisconsin law." We accepted the certification, and we accordingly assume jurisdiction over all issues presented on appeal.  See State v. Denk, 2008 WI 130, ¶29, 315 Wis. 2d 5, 758 N.W.2d 775.

## II.  DISCUSSION

## A. Standard of Review

¶10 Whether a proceeding was a trial is a question of law; we review questions of law independently. See, e.g., City of Pewaukee v. Carter, 2004 WI 136, ¶¶23, 31-35, 276 Wis. 2d 333, 688 N.W.2d 449 (determining whether a municipal proceeding was a trial such that a party is entitled to a new trial for purposes of Wis. Stat. § 800.14(4)). Further, whether an attempted method of criminal procedure is permitted in Wisconsin is a question of law that we review independently. See State v. Riekkoff, 112 Wis. 2d 119, 124-25, 332 N.W.2d 744 (1983) (determining whether conditional guilty pleas are permissible in Wisconsin).

¶11 Finally, "[w]hether a plea is knowing, intelligent, and voluntary is a question of constitutional fact." State v. Brown, 2006 WI 100, ¶19, 293 Wis. 2d 594, 716 N.W.2d 906. In such cases, "[w]e accept the circuit court's findings of historical and evidentiary facts unless they are clearly erroneous but we determine independently whether those facts demonstrate that the defendant's plea was knowing, intelligent, and voluntary." Id.

## B. Pleas Versus Trials

¶12 At the outset, because the parties' main contention is whether the guilty plea waiver rule should attach to the procedure that Beyer agreed to, we determine whether the "stipulated trial", in which Beyer stipulated to his guilt, was actually a trial or whether it was the functional equivalent of a guilty plea despite its label. Our discussion informs both whether the procedure here was permissible and whether Beyer can be held to his stipulation.

6

We first explain the differences between the two procedures; we then determine which more closely fits what occurred here.

### 1. Pleas

¶13 We begin with guilty pleas. A guilty plea "is an 'admission that [the defendant] committed the crime charged against him.'" United States v. Broce, 488 U.S. 563, 570 (1989) (quoting North Carolina v. Alford, 400 U.S. 25, 32 (1970)). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." Broce, 488 U.S. at 570. Importantly, a guilty plea "is an admission that 'all of the factual and legal elements necessary to sustain a binding, final judgment of guilt . . . ' are true." State v. Kelty, 2006 WI 101, ¶30, 294 Wis. 2d 62, 716 N.W.2d 886 (quoting Broce, 488 U.S. at 569). Accordingly, "nothing remains [for the circuit court] but to give judgment and determine punishment." Boykin v. Alabama, 395 U.S. 238, 242 (1969). Although they do not contain the same express admission of guilt as a guilty plea, we have held that pleas of no contest and Alford pleas[6] have the same practical effect as traditional guilty pleas. See State v. Nash, 2020 WI 85, ¶34, 394 Wis. 2d 238, 951 N.W.2d 404.

¶14 When a defendant enters a guilty, no contest, or Alford plea, the defendant ordinarily "waives all nonjurisdictional

---

[6] "An Alford plea is a conditional guilty plea, which allows the defendant to maintain his or her innocence outright, but nonetheless accept a conviction and sentence for the crime." State v. Nash, 2020 WI 85, ¶33, 394 Wis. 2d 238, 951 N.W.2d 404 (citing North Carolina v. Alford, 400 U.S. 25, 37 (1970).

defects, including constitutional claims." Kelty, 294 Wis. 2d 62, ¶18. This "guilty-plea-waiver rule" is a practical effect of entering a guilty plea. "The guilty-plea-waiver rule is a rule of administration and does not involve the court's power to address the issues raised." Id. (citing Riekkoff, 112 Wis. 2d at 124). There are limited exceptions to this general rule. Wisconsin Stat. § 971.31(10) codifies two exceptions that relate to evidentiary issues. Section 971.31(10) provides, "An order denying a motion to suppress evidence or a motion challenging the admissibility of a statement of a defendant may be reviewed upon appeal from a final judgment or order notwithstanding the fact that the judgment or order was entered upon a plea of guilty or no contest to the information or criminal complaint." See also Riekkoff, 112 Wis. 2d at 124-25.

### 2. Trials

¶15 We have defined trials as "fact-finding mission[s] to determine the truth of allegations in a pleading." City of Cedarburg v. Hansen, 2020 WI 11, ¶35, 390 Wis. 2d 109, 938 N.W.2d 463. Trials are also understood as "formal judicial examination[s] of evidence and determination[s] of legal claims in an adversarial proceeding." Id. (quoting Black's Law Dictionary (11th ed. 2019)). What we can gather from the above definitions is that a trial's distinguishing feature is the fact-finding mission, which leads to an ultimate determination of guilt or innocence. See State v. Zamzow, 2017 WI 29, ¶25, 374 Wis. 2d 220, 892 N.W.2d 637 (noting

8

that "the purpose of a trial is to ascertain a defendant's guilt or innocence").

¶16 Simply calling a proceeding a trial does not necessarily make it so. To determine whether a proceeding was a trial, we look to the proceeding's substance, not its form. See Carter, 276 Wis. 2d 333, ¶¶23, 31-35, (citing with approval the indicia of trials set forth in First Bank of Marietta v. Mascrete, Inc., 684 N.E.2d 38, 41 (Ohio 1997), and applying those factors to the proceedings before it). Such indicia include "whether arguments were presented in court by counsel," "whether issues of fact were decided by the judge or magistrate" and "whether a judgment was rendered on the evidence."[7] Carter, 276 Wis. 2d 333, ¶23 (quoting First Bank of Marietta, 684 N.E.2d at 41).

### 3. The "stipulated trial"

¶17 By examining the substance of what occurred here, we conclude that the "stipulated trial" more closely resembled a guilty plea than a trial. The record shows that the parties stipulated to every fact necessary to convict Beyer of possession of child pornography. Furthermore, they stipulated to the circuit court finding Beyer guilty. In turn, all the circuit court was

---

[7] The remaining indicia are "whether the proceeding was initiated by pleadings," "whether it took place in court," "whether it was held in the presence of a judge or magistrate," "whether the parties or their counsel were present," "whether evidence was introduced" and "whether the issues decided were central or ancillary to the primary dispute between the parties." City of Pewaukee v. Carter, 2004 WI 136, ¶23, 276 Wis. 2d 333, 688 N.W.2d 449 (quoting First Bank of Marietta v. Mascrete, Inc., 684 N.E.2d 38, 41 (Ohio 1997)).

9

left to do was enter "judgment and determine [the] punishment," which is the functional equivalent of a guilty plea.  See Boykin, 395 U.S. at 242.  What did not occur here is more telling of the proceeding's substance than what did occur.  At the stipulated trial, there were no witnesses sworn or examined, no additional evidence introduced and no arguments by the parties regarding the legal sufficiency of the State's factual foundation.  As the record reflects, Beyer affirmatively waived those ordinary aspects of a trial.  Accordingly, regardless of the proceeding's label, we are unconvinced that in substance it was a trial; we conclude that it was more akin to a guilty plea.[8]

### C.   Stipulated Trials in Wisconsin

¶18  Having determined that the procedure here was more akin to a guilty plea than a trial, we next determine whether stipulated trials that also stipulate to the defendant's guilt are permissible in Wisconsin.  For the reasons set forth below, we conclude that they are not.

¶19  We begin by reemphasizing the procedure that occurred here:  Beyer stipulated to all of facts necessary for the circuit

---

[8] Our conclusion that this procedure was tantamount to a guilty plea is consistent with decisions of other jurisdictions that have examined this question.  See People v. Smith, 319 N.E.2d 760, 764 (Ill. 1974) (noting that the "stipulated bench trial" was "tantamount to a guilty plea" and not condoning the procedure); see also State v. Steelman, 612 P.2d 475, 480 (Ariz. 1980) (differentiating between "submission[s] on transcripts" that are "tantamount to a guilty plea because it is obvious that . . . the defendant has no hope of acquittal" and those where the "court [is] . . . required to review the record offered to see if there is, in fact, sufficient evidence to convict" and noting that "Steelman's submission was not the equivalent of a guilty plea.").

court to find him guilty, and he also stipulated that the court conclude he was guilty of possession of child pornography. Parties may continue to stipulate to certain facts, and even to certain elements of a crime, during a criminal proceeding. Doing so supports the expeditious resolution of trials and can have the effect of protecting victims of crimes from having to testify. See State v. Benoit, 229 Wis. 2d 630, 636-40, 600 N.W.2d 193 (Ct. App. 1999) (explaining that the defendant still received a full jury trial on all of the elements of his crime, including the element that he stipulated to, and that the stipulation was "a matter of expediency" that relieved the victims of the burglary from having to testify).[9]

¶20 However, we will not permit parties to stipulate to every fact that satisfies a defendant's guilt and the defendant's guilt as well. This is true whether the proffered procedure is agreed upon to preserve appellate review of issues that the defendant would otherwise waive by entering a guilty plea or whether it was employed due to other factors.

¶21 Our reasoning for disallowing such a procedure is not complex. Simply put, Wisconsin's rules of criminal procedure do

---

[9] Just as the court of appeals distinguished Benoit from Kemp v. State, 61 Wis. 2d 125, 211 N.W.2d 793 (1973), this case is equally distinguishable. In Kemp, the defendant, his attorney and the prosecutor "stipulated and requested the court to make the determination of guilt or innocence from the record of the preliminary examination." Id. at 130. The parties did stipulate to a court trial; however, the parties did not stipulate to Kemp's guilt. See generally id. The circuit court was required to consider the preliminary examination and the arguments made by counsel to establish whether Kemp was guilty. Id.

not expressly permit conditional guilty pleas as the Federal Rules of Criminal Procedure do.  The conditional guilty plea rule under the Federal Rules provides as follows:

> With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion.  A defendant who prevails on appeal may then withdraw the plea.

Fed. R. Crim. P. 11(a)(2).  The procedure that occurred here was, in essence, an attempt at a conditional guilty plea intended to preserve appellate review of an otherwise waived discovery issue.

¶22 We have expressly disallowed parties from attempting conditional guilty pleas without a statute so permitting. Riekkoff, 112 Wis. 2d at 130.  In Riekkoff, the circuit court held a pretrial hearing on Riekkoff's mental capacity but found that the expert testimony that Riekkoff intended to introduce was inadmissible.  Id. at 121-22.  Thereafter, Riekkoff pled guilty with the prosecutor's agreement that Riekkoff's plea was conditional upon appellate review of the pretrial evidentiary matter.  Id.  The circuit court, although "not explicit in [its] acquiescence in the defendant's position [to preserve appellate review], nevertheless . . . did not disagree with it" and accepted Riekkoff's plea.  Id. at 122.  We were tasked with deciding whether "review may be preserved when the plea of guilty is conditioned upon the right to assert the question on appeal and there is agreement by the prosecutor and acceptance of the plea by the trial judge."  Id.

12

¶23 Due to the explicit evidentiary exceptions to the guilty-plea-waiver rule found in Wis. Stat. § 971.31(10), we concluded that no other similar exceptions were permitted absent legislation. Id. at 130. Ultimately, we held "that conditional guilty pleas are not to be accepted and will not be given effect, except as provided by statute." Id. Although we noted the arguments in favor of conditional guilty pleas, we left to the legislature the decision to include such a plea in Wisconsin's rules of criminal procedure. Id.

¶24 In the 38 years since Riekkoff, the legislature has not amended the rules of criminal procedure to include a conditional guilty plea option such as Fed. R. Crim. P. 11(a)(2). Wisconsin law currently permits criminal defendants to enter four types of pleas: (1) guilty;[10] (2) not guilty; (3) no contest with permission from the circuit court; and (4) not guilty due to mental disease or defect. Wis. Stat. § 971.06(1)(a)-(d). Because Wisconsin does not permit conditional guilty pleas in the federal form, we conclude that "stipulated trials," which ultimately have the same effect, also are not permissible.[11] We continue to defer to the legislature to determine whether it should legislate

---

[10] Again, an Alford plea is a type of guilty plea. Nash, 394 Wis. 2d 238, ¶33.

[11] Because we conclude that this procedure is impermissible, we do not address whether the guilty-plea-waiver rule attached to the procedure at hand. See Maryland Arms Ltd. P'ship v. Connell, 2010 WI 64, ¶48, 326 Wis. 2d 300, 786 N.W.2d 15 ("Issues that are not dispositive need not be addressed.").

13

conditional guilty plea rules as part of Wisconsin's criminal procedure.

### D.  Beyer's "Stipulated Trial"

¶25  Because we conclude that Beyer's "stipulated trial" was an attempt at a prohibited conditional guilty plea, we next consider whether the circuit court may hold Beyer to the parties' stipulation.  In light of our conclusion that the procedure that occurred here is invalid, we conclude that the circuit court could not validly accept the stipulation and Beyer cannot be held to its terms.  Therefore, on remand Beyer is to choose whether to plead or go to trial.

¶26  This conclusion is supported by our reasoning in Riekkoff.  There, after we rejected the procedure that the parties employed, and we described the effect of utilizing such a faulty procedure on Riekkoff.  Riekkoff, 112 Wis. 2d at 128.  We reasoned:

> One thing . . . clearly stands out from the record, and that is that Riekkoff pleaded guilty believing that he was entitled to an appellate review of the reserved issue.  Both the prosecutor and the trial judge acquiesced in this view and permitted Riekkoff to believe that, despite his plea, appellate review could be had of the evidentiary order.  Because Riekkoff thought he could, with the acquiescence of the trial court and the prosecutor, stipulate to the right of appellate review, it is clear that Riekkoff was under a misapprehension with respect to the effect of his plea.  He thought he had preserved his right of review, when as a matter of law he could not.  Under these circumstances, as a matter of law his plea was neither knowing nor voluntary.

Id.

¶27  Riekkoff teaches that when a defendant, his counsel, the prosecutor and the court misapprehend the legal effect of a

14

procedure they employ, generally, the defendant will not be entering a plea that is knowing, intelligent and voluntary. See also State v. Woods, 173 Wis. 2d 129, 140, 496 N.W.2d 144 (Ct. App. 1992) (citing Riekkoff, 112 Wis. 2d at 128) ("The record is clear that Woods, at least in part, made the decision to plead guilty based on inaccurate information provided to him by the lawyers and judge. The plea agreement to a legal impossibility necessarily rendered the plea an uninformed one.").

¶28 Here, and similar to the misapprehension in Riekkoff, Beyer agreed to the "stipulated trial" and ultimately stipulated to his guilt based upon the advice of his defense attorney, the prosecutor's agreement and the circuit court's acquiescence. Because we conclude that such a procedure is invalid, as a matter of law, it necessarily follows that Beyer cannot be held to the stipulation. On remand, Beyer is entitled to choose whether to enter a plea or proceed to trial.[12]

### III. CONCLUSION

¶29 We conclude that the occurrence in the circuit court, while not a guilty plea made in the customary mode, also was not a court trial. We further conclude that, while parties may stipulate to facts for purposes of a criminal trial, trials based on stipulated facts and a stipulated finding of guilt are not permissible in Wisconsin. Finally, we conclude that Beyer cannot be held to the stipulation he entered in circuit court because he

---

[12] Because we remand the case to the circuit court on procedural grounds, we do not reach the merits of Beyer's discovery claims.

entered it relying on a procedure that we conclude is invalid. Therefore, this matter is remanded to the circuit court so that Beyer can choose whether to enter a plea or proceed to trial. Accordingly, we reverse and remand to the circuit court for proceedings consistent with this opinion.

*By the Court.*—The judgment and order of the circuit court is reversed and cause remanded.